IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NICOLLE CONYERS,
   Plaintiff,

v.                  Civil Action No. 3:16-cv-690-JAG

VIRGINIA HOUSING DEVELOPMENT
AUTHORITY, and

MCGUIREWOODS, LLC,
   Defendants.

## OPINION

The pro se plaintiff, Nicolle Conyers, filed this action against McGuireWoods, LLC and the Virginia Housing Development Authority ("VHDA") (collectively "the defendants") to vacate a 2013 judgment. Conyers claims that the defendants committed fraud on the court by lying about the VHDA's legal business classification. The defendants have moved to dismiss. The Court grants the defendants' motion because Conyers' alleged facts do not plausibly show that the defendants engaged in the kind of egregious conduct required to constitute fraud on the court.

## I. BACKGROUND

The VHDA terminated Conyers in December 2010. Conyers then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in February 2011. The VHDA declared itself a state agency in its EEOC position statement.

In 2012, the EEOC issued Conyers a "Notice to Sue." Conyers then filed her complaint in this district claiming that the VHDA violated Title VII. Relevant here, Conyers did not bring a due process claim at that time, and the complaint classified the VHDA as a state agency. *See*

*Conyers v. Va. Hous. Dev. Auth.*, 927 F. Supp. 2d 285, 292 (E.D. Va. 2013). The VHDA, represented by McGuireWoods, denied being a state agency in its answer to the 2012 complaint.

In late 2012, the VHDA moved for summary judgment. In support of the motion, the VHDA submitted an allegedly perjured affidavit from its HR Director that classified the VHDA as a non-profit organization. Conyers now claims that the VHDA and the HR Director knew that the VHDA was a state agency, rather than a non-profit, because the VHDA refers to itself as the "Virginia State Housing Authority, a political subdivision of the Commonwealth of Virginia." (Pl.'s Compl. at ¶ 12, Dk. No. 1.) Conyers also says that McGuireWoods knew that the VHDA was a state agency because McGuireWoods had represented the VHDA in prior litigations where it stated that the VHDA was a state agency.

The Court granted the motion for summary judgment. *See Conyers*, 927 F. Supp. 2d at 292. In the opinion granting the motion, the Court stated that the VHDA was a non-profit organization in the background section, but it did not rely on this classification in any part of its analysis. *Id.*

Conyers now alleges that the defendants committed fraud on the court when they submitted inconsistent statements in the 2011 EEOC position statement, the 2012 answer to the complaint, and in support of the 2012 motion for summary judgment (collectively the "2012 misrepresentations"). Conyers seeks relief from the Court's 2013 judgment upholding summary judgment under Rule 60(d)(3) and, alternatively, Rule 60(d)(1).

## II. STANDARD OF REVIEW

The VHDA and McGuireWoods have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party*

*of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court understands that a pro se litigant presents claims differently from a trained attorney. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Accordingly, courts construe pro se complaints liberally. *Id.* This principle of liberal construction, however, has its limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or to conjure up issues on the plaintiff's behalf. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *Beaudett*, 775 F.2d at 1276.

## III. DISCUSSION

Federal Rule of Civil Procedure 60 sets forth the procedure for seeking relief from a judgment or order. Where a party waits more than a year after a court has entered a judgment, a party may only seek relief under Rule 60(d). The Court liberally construes the pro se plaintiff's complaint to assert two claims under Federal Rule Civil Procedure 60(d)(3) and 60(d)(1).

### A. *Rule 60(d)(3) Claim*

Under Rule 60(d)(3), a party may seek relief from a prior judgment by asserting that the opposing party committed fraud on the court. To prevail, a party must show that the opposing party engaged in an intentional scheme to defraud the court and that the fraud touched the public

3

interest in a way that fraud between parties does not. *United States v. Conrad*, 675 Fed. App'x. 263, 264 (4th Cir. 2017). Only egregious conduct which impinges the court's ability to function impartially constitutes fraud on the court. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Typically, courts limit egregious conduct to the bribery of a judge or juror or an attorney exerting improper influence over the court. *Id.* Egregious conduct may also include a conspiracy between an attorney and his client to defraud the court. *Cleveland Demolition Co., v. Azcon Scrap Corp., Div. of Gold Fields Am. Indus., Inc.*, 827 F.2d 984, 986 (4th Cir. 1987). Fraud between parties, however, does not constitute fraud on the court, even if the alleged fraud involves perjury of a party or witness. *Meindl v. Genesys Pac. Techs., Inc.*, 204 F.3d 124, 130 (4th Cir. 2000).

Here, the 2012 misrepresentations do not rise to fraud on the court because the facts do not support an inference that the defendants conspired to deceive the Court. *See Conrad*, 675 Fed. App'x. at 264–265 ("Without a concerted effort by both a witness and opposing counsel to commit and conceal fraud, the adversarial process is ordinarily sufficient to uncover the fraud.").

Conyers alleges that the VHDA lied in its answer to the 2012 complaint, that the VHDA's HR Director committed perjury in an affidavit, and that McGuireWoods knew the VHDA lied about its legal status based on prior legal representation. Submission of a fraudulent affidavit and inconsistent statements, however, amount to mere evidentiary conflicts, not fraud on the court. *Cleveland Demolition*, 827 F.2d at 987 ("If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the verdict.").[1] These facts do not support an inference that McGuireWoods and the VHDA somehow conspired to commit fraud on the court,

---

[1] *Meindl v. Genesys Pac. Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

4

and the submissions merely present an evidentiary conflict. Further, as discussed in the next section, the VHDA's status had no bearing on the Court's 2013 determination that Conyers failed to make a *prima facie* showing of employment discrimination and retaliation under Title VII. Because the defendants lacked a motive to defraud the Court and because Conyers has not otherwise alleged a conspiracy between the defendants in the prior proceeding, the Court dismisses the 60(d)(3) claim.

### B. *Rule 60(d)(1) claim*

Under Rule 60(d)(1), "[a] court has the power to entertain an independent action to relieve a party from a judgment, order, or proceeding." *Liggins v. Clarke County School Bd.*, Civil Action No. 5:09cv00077, 2014 WL 6460776, at *5 (W.D. Va. Nov. 17, 2014). For a plaintiff to prevail on a Rule 60(d)(1) claim, the plaintiff must show:

> (1) that the judgment in favor of the defendant ought not, in equity and good conscience, be enforced; (2) that she had a good claim; (3) that fraud, accident, or mistake prevented her from obtaining the benefit of her claim; (4) the absence of fault or negligence on her part; and (5) the absence of any adequate remedy at law.

*Id.* Conyers' claim fails to meet the second and third elements of a 60(d)(1) claim.

The 2012 misrepresentations did not prevent Conyers from obtaining the benefit of her 2012 claims because the VHDA's legal classification did not matter to her Title VII discrimination case. In 2013, the Court dismissed Conyers Title VII claim because she had not met the *prima facie* elements of discrimination, and the Court did not rely on the VHDA's legal classification in making that determination. *See Conyers*, 927 F. Supp. 2d at 291-96. In the present case, Conyers argues that she could have brought a Virginia Personnel Act claim in 2012 had the plaintiffs not lied about the VHDA's legal classification. This argument fails, however, because Conyers simply did not bring that claim in 2012, so the alleged fraud did not prevent her

5

from obtaining the benefit of that claim. (Conyers v. Va. Hous. Dev. Auth. et al., Case No. 3:12-cv-297-JRS, Amended Complaint, Dk. No. 6.) Conyers fails to show that the alleged fraud prevented her from obtaining any benefit of her Title VII claim at the time the alleged fraud arose in 2012. *Liggins*, 2014 WL 6460776, at *5. The Court therefore denies her claim under Rule 60(d)(1).

## IV. CONCLUSION

Conyers has not shown a plausible claim of fraud on the court because she has alleged a conspiracy between the VHDA and its attorneys in the 2012 litigation and because she has not shown that any alleged fraud affected her Title VII claims in that case. Accordingly, the Court grants the defendants' motion to dismiss.

The Court will enter an appropriate final order.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff.

Date: 9/19/17
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

6